WIGGINS, Justice
(dissenting).
I agree with the majority’s analysis of our eminent domain law, but disagree with the court’s resolution. The majority’s mootness analysis is unnecessary because this case does not implicate the mootness doctrine.
The majority is correct in its conclusion that when the Clarke County Reservoir Commission began its condemnation proceeding it did not have the authority under Iowa law to do so because it was not a properly constituted acquiring agency under Iowa Code section 6A.24(2) (2013). I also agree with the majority’s analysis stating that “we have long recognized the importance of strict compliance with statutory requirements for the exercise of eminent domain.” However, in its analysis the majority chooses to talk about these principles in terms of mootness, and then remands the case for further proceedings. I find this analysis and outcome unnecessary under this record. I would simply reverse the decision without remanding the case back to the district court on the ground the condemnation proceeding was flawed from the beginning.
The Code provides: “The procedure for the condemnation of private property for works of internal improvement, and for other public projects, uses, or purposes, unless and except as otherwise provided by law, shall be in accordance with the provisions of this chapter.” Iowa Code § 6B.1A. Section 6B.2A provides the procedure for commencing a condemnation proceeding:
An acquiring agency shall provide written notice of a public hearing to each owner and any contract purchaser of record of agricultural land that may be the subject of condemnation. The authority under this chapter is not conferred and condemnation proceedings shall not begin unless a good faith effort is made to mail and publish the notice as provided in this section on the owner and any contract purchaser of record of the property subject to condemnation.
Id. § 6B.2A(1) (emphasis added).
When the Commission began the condemnation by mailing the notice of public hearing it was not an acquiring agency. Thus, an acquiring agency did not send a notice of public hearing under section *179 6B.2A. Therefore, any action by the Commission after the flawed notice is invalid. Accordingly, the Commission cannot cure this defect by reconstituting the commission, because a valid acquiring authority was required to serve notice under section 6B.2A.
The majority does not reach this issue, presumably because the parties did not argue this issue in this manner. On remand, I do not think the acquiring agency can cure this defect. The prudent way to proceed would be to start the proceedings with a proper acquiring agency, rather than attempting to fix the defect in the proceedings and spend the time and resources pursuing another appeal. By starting over, the acquiring agency lifts the uncertainty created by this defect and the condemnation can occur sooner rather than later. Consequently, I think we should find the condemnation proceeding is invalid and reverse the judgment of the district court.